IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION, )
WELFARE AND ANNUITY FUNDS, )
 )
          Plaintiffs, )
 )
vs. )   Case No: 08-cv-0801-MJR
 )
COMPLETE SUBGRADE, LLC, and )
ROGER POOS, individually, )
 )
          Defendants. )

## MEMORANDUM and ORDER

REAGAN, District Judge:

Plaintiffs ("the Funds") filed this action in November 2008, seeking to recover delinquent fringe benefit contributions and liquidated damages owed them pursuant to applicable collective bargaining agreements. Suit was brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, *et seq.* ("ERISA"). This Court enjoys subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331.

Served with the summons and complaint on December 4, 2008, both Defendants failed to answer or respond to the complaint. On January 5, 2009, the Funds obtained a clerk's entry of default against both Defendants under Federal Rule of Civil Procedure 55(a). *See* **Docs. 6, 7**. The Funds now move for default judgment under Rule 55(b)(1), which provides (emph. added):

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request – with an affidavit showing the amounts due – **must enter judgment for that amount** and costs against a defendant who has been defaulted for not appearing and is neither a minor nor an incompetent person.

The record before the Court indicates that default judgment should be granted. The Funds have furnished a memorandum of law and an affidavit detailing the amount of liquidated damages as well as attorneys' fees and costs incurred to date. Because an audit has not yet been conducted of Defendants' records, however, the amount of delinquent contributions cannot be ascertained.

Accordingly, the Court **GRANTS** the motion for default judgment (Doc. 8) but **DIRECTS** the Clerk of Court to **withhold entering judgment** until the total amount of damages has been calculated/verified.

The Court **ORDERS** Defendants (Complete Subgrade and Poos) to promptly turn over payroll records and books to Plaintiffs, so that an audit can be conducted of Complete Subgrade, LLC, to determine the amount of any and all delinquent contributions and liquidated damages owed under the applicable agreements.

The Court **DIRECTS** Plaintiffs – **by April 13, 2009** – to either submit a proposed Order delineating the amounts of all damages (e.g., delinquent contributions, liquidated damages, attorneys' fees, costs) OR file a status report explaining why judgment cannot yet be entered.

**IT IS SO ORDERED.**

DATED this 13th day of February, 2009

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge